FLORA M. GONZÁLEZ ITURREGUI, ETC., demandantes y recurrentes, *v.* MANUEL GONZÁLEZ OLAZÁBAL, demandado y recurrido.

*Número:* RE-92-96          *Resuelto:* 25 de marzo de 1993

*Sabino Cotto Cruz,* abogado de los recurrentes; *Orlando Collado Medina,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 5 de diciembre de 1990 Flora M. González Iturregui presentó en el Tribunal Superior, Sala de Bayamón, una demanda *ex rel.,* sus hijos Josefina A. y Manuel E. González González, contra su ex esposo Manuel A. González Olazábal. Reclamó la propiedad de unos bonos federales que Francisco Olazábal, tío materno del demandado González Olazábal, había adquirido entre 1970 y 1981, alegadamente como regalo para la educación de esos dos (2) hijos. González Olazábal negó tales alegaciones.

Mediante descubrimiento de prueba se determinó que se trataba de bonos federales de ahorro de la serie E —expedidos desde 1971 hasta 1979— y pagaderos, en la alternativa, a favor del demandado González Olazábal y/o alguno de sus hijos Josefina A. o Manuel E.

El 9 de diciembre de 1991, el foro de instancia (Hon. Carlos de Jesús Rivera Marrero, Juez), desestimó sumariamente la demanda, sin especial imposición de costas ni honorarios de abogado. A base de un análisis de la reglamentación y el derecho federal aplicable, concluyó que los referidos bonos de ahorro constituían un contrato entre el comprador y el Gobierno federal. Bajo *United States v. Chandler*, 410 U.S. 257 (1973), resolvió que la reglamentación federal del Tesoro de Estados Unidos ocupaba el campo y determinaba la titularidad de los bonos. Al haberse expedido en la forma alterna, y pagados al demandado González Olazábal, el otro condueño designado cesó de tener interés en los bonos. En reconsideración, reiteró su dictamen.

A solicitud de la demandante González Iturregui revisamos.

## II

En esencia, González Iturregui sostiene que *United States v. Chandler*, supra, no aplica por tratarse de un caso limitado al pago de contribuciones federales sobre herencias. Lo distingue argumentando que el de epígrafe está basado en una reclamación por conducta "ilegal o torticera" del demandado González Olazábal al disponer de los derechos e intereses de sus hijos.

En apoyo de la tesis de que el campo no está ocupado, sostiene que no tiene ni está formulando reclamación alguna contra el Gobierno federal. Además, aduce que su causa de acción bajo el derecho civilista no conflige con la legislación federal. Invoca los casos *Estate of Cantonia v.*

*Sindel*, 684 S.W.2d 592 (1985), y *Valentine v. St. Louis Union Trust Co.*, 250 S.W.2d 167, 169 (1952), expositivos de que se trata del derecho entre las partes con respecto a los bonos y no con relación al Gobierno federal.

Por su parte, el recurrente González Olazábal reproduce el razonamiento que encontró eco en el tribunal de instancia sobre campo ocupado.

## III

Ciertamente que el citado caso *United States v. Chandler*, supra, versa sobre el pago de contribuciones federales sobre una herencia. No obstante, para adjudicarlo, ese Alto Foro tuvo que decidir si había surtido efecto una donación ínter vivos de unos bonos emitidos a nombre de Mary E. Baum "o" alguna de sus nietas Patricia Ritter y Beatrice Baum. La incógnita se suscitó, pues un (1) año antes de su muerte la señora Baum los entregó a cada una de sus respectivas nietas con la intención de efectuar una donación ínter vivos. Al fallecer, los bonos aún estaban a nombre suyo y de las nietas. La interrogante específica suscitada fue si la entrega, con intención de donar los bonos, era suficiente para consumar la donación. De ser así, para fines contributivos, los bonos no formaban parte del caudal relicto ni se incluían en los formularios del Servicio de Rentas Internas. Se resolvió que no hubo donación y el valor de éstos formaba parte del monto tributable de herencia. Para arribar a esa conclusión se aplicó la ley y la reglamentación federales sobre bonos de ahorros —31 U.S.C. sec. 757(c)(a) y 31 C.F.R. sec. 315.7 (1990)— regulatoria de cómo se expiden y la forma, las condiciones y las restricciones bajo las cuales son emitidos y transferidos.

Dicho foro citó las disposiciones que establecen que los bonos sólo son transferibles del modo provisto por reglamento. Bajo esas reglas, la señora Baum pudo haber cambiado el modo en que fueron expedidos y eliminar su

nombre; no hacerlo fue interpretado como que seleccionó retener su posesión, a pesar de que físicamente los entregó a sus nietas. El tribunal claramente señala que las decisiones de los foros de instancia soslayaron el hecho de que hasta el momento de su muerte, la señora Baum retuvo su derecho a redimir o cambiar cada uno de los bonos, el derecho a redimirlo en caso de sobrevivir a las nietas y el derecho a acceder o a vetar cualquier intento para las nietas de reexpedirlos.(¹)

Aunque el caso *United States v. Chandler*, supra, tiene tangencia con el de autos, no lo controla. No se trata de una situación sobre campo ocupado por la ley federal. El propósito del estatuto federal es reglar el derecho de sobrevivencia por la tenencia mancomunada de bonos. Así creado debe prevalecer en caso de conflicto con la ley estatal. Véase *Free v. Bland*, 369 U.S. 663, 668 (1962), citando a *Wissner v. Wissner*, 338 U.S. 655 (1950). La ley federal permite concluir que el demandado González Olazábal —como también lo hizo el foro de instancia— podía válidamente cobrar o cambiar los referidos bonos que estaban emitidos a su nombre "y/o" uno de sus hijos. No existe duda en torno a la cotitularidad frente al Gobierno federal. En contraste, la relación interna entre los cotitulares se rige por las normas de nuestro Código Civil. Al pagar cesó el interés del Gobierno federal. Más allá de esa esfera de autoridad, queda, sin embargo, la determinación del derecho o interés de cada hijo como cotitular en el dinero cobrado por el padre.

---

(¹) El tribunal destacó la sabiduría de que las reglas para la emisión y transferencia de estos bonos prevalezcan sobre la voluntad del adquirente. Así se expresó que "cualquier otra regla muy bien podría propiciar condiciones caóticas respecto a bonos de ahorro, y a un gran potencial de abuso. Millones de estos bonos no están vencidos. El requisito de información gubernamental y mantener un récord apropiado, por sí exige y demanda algo más que una absoluta libertad en su transferencia. Consideraciones tales como seguridad y el aspecto de promover la inversión son factores adicionales que requieren el mismo resultado". (Traducción nuestra.) *United States v. Chandler*, 410 U.S. 257, 261–262 (1973).

■ De su faz, no es necesario ser exhaustivos para concluir que estamos frente a una donación ínter vivos. Art. 559 del Código Civil, 31 L.P.R.A. sec. 1982. Como se trata de una donación de cosa mueble, se cumple el requisito del Art. 574 (31 L.P.R.A. sec. 2009) de que puede hacerse verbalmente si ocurre la entrega simultánea de la cosa donada.

Ahora bien, el Art. 157 del Código Civil, 31 L.P.R.A. sec. 614, regula el ámbito de bienes donados o legados para la educación del hijo, contención que precisamente nutre el reclamo de la demandante González Iturregui:

> *Corresponderán en propiedad y en usufructo al hijo no eman-*
> *cipado los bienes o rentas donados o legados para los gastos de*
> *su educación e instrucción*; pero tendrán su administración ambos padres conjuntamente o aquél de ellos que tenga al menor bajo su potestad y custodia, si en la donación o en el legado no se hubiere dispuesto otra cosa, en cuyo caso se cumplirá estrictamente la voluntad de los donantes. (Énfasis suplido.) 31 L.P.R.A. sec. 614.

■ Y específicamente, el Art. 159 (31 L.P.R.A. sec. 616) preceptúa que "[è]l ejercicio de la patria potestad no autoriza a ninguno de los padres para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de dos mil (2,000) dólares, pertenecientes al hijo, y que estén bajo la administración de ambos o de cualquiera de ellos", sin previa autorización del tribunal.

Estos artículos nos proveen la clave decisoria para la adjudicación de este recurso. No podía el foro de instancia sumariamente disponer de la acción. Es necesario determinar si realmente Francisco Olazábal tuvo la intención de donar el valor representado por los bonos para la educación de los hijos de su sobrino, el demandado González Olazábal. De probarse ese hecho, ellos tendrían, al amparo de las precitadas disposiciones, una causa de acción válida para su recobro.

*Se dictará sentencia revocatoria.*

El Juez Asociado Señor Rebollo López se inhibió. El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita.